**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Astrid Asche, | ) | No. CV-11-2487-PHX-GMS |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Military Site and Site Base, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3), which will be granted. The Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's Complaint is dismissed.

**I.     Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

    **A. Legal Standards**

        **1. 28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings

not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before the dismissal of the action. *See Lopez v. Smith,* 203 F.3d 1122, 1127-1129 (9th Cir. 2000) (*en banc).*

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *see also Lopez,* 203 F.3d at 1131 n. 13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because, although it appears unlikely, it may be possible for Plaintiff to assert claims that are appropriately brought in federal court.

### 2. Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to enable each defendant to frame a responsive pleading. A complaint must contain "a short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, the complaint must include "a demand for the relief sought. . . ." Fed. R. Civ. P. 8(a)(3). Finally, it must also have "a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

In order to assist litigants to understand the Rule 8(d) requirements that averments "be simple, concise and direct, Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Examples of types of complaints for different types of claims are contained in forms 10 through form 21. In addition to setting forth why the federal court has jurisdiction over Plaintiff's claims a complaint should fully set forth "who is being sued, for what relief, and

on what theory, with enough detail to guide discovery." *McHenry*, 84 F.3d at 1177. In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

## II. The Complaint

Plaintiff's Complaint falls short of satisfying the requirements of Rule 8. It does not allege a legal basis for this Court to exercise jurisdiction over this lawsuit. He has not established, therefore, that this Court has jurisdiction over his claim.

### A. Failure to State A Claim

The Complaint names an unknown party as Military Site and Site Base. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). There is no *respondeat superior* liability under § 1983. *Monell v. Dep't of Soc., Servs.,* 436 U.S. 658, 691 (1978); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to prevent them." *Taylor,* 880 F.2d at 1045.

In addition to failing to identify any cognizable Defendant, the Complaint contains no allegation that Defendant participated in, directed, or knew of alleged violations of Plaintiff's civil rights. Plaintiff will be given 30 days to amend his Complaint. Should he fail to file an amended complaint within 30 days of this Order. The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count. Should Plaintiff fail to file a first amended complaint within 30 days, the Clerk may dismiss this action without prejudice and without further notice from the Court.

### B. Leave to Amend

Plaintiff will be given an opportunity, if he so chooses, to amend his Complaint. In the amended complaint, Plaintiff must state what rights he believes were violated. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set

1 forth in a separate count.  The amended complaint must also state why the federal court has
2 jurisdiction over Plaintiff's claims.  Any amended complaint filed by Plaintiff must conform
3 to the requirements of Rule 8(a)( and (d)(1) of the Federal Rules of Civil Procedure.

4     Plaintiff is advised that if he elects to file an amended complaint and if he fails to
5 comply with the Court's instructions explained in this Order, the action will be dismissed
6 pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil
7 Procedure.  *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of amended
8 complaint that did not comply with Rule 8(a); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d
9 671, 673-74 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint
10 that was "so verbose, confused and redundant that its true substance, if any [was] well
11 disguised").

12     **IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District
13 Court Without Prepaying Fees or Costs (Doc. 3) is granted.  Plaintiff shall be responsible for
14 service by waiver or of the Summons and Complaint.

15     **IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's
16 Complaint  is dismissed for failure to comply with Rule 8, with leave to file an amended
17 complaint by **January 18, 2012**.

18     **IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint
19 by **January 18, 2012**, the Clerk of Court shall dismiss this action without further Order of
20 the Court.

21     **IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint,
22 the complaint may not be served until and unless the Court screens the amended complaint
23 pursuant to 18 U.S.C. § 1915(e)(2).

24     DATED this 19th day of December, 2011.

27     */s/ H. Murray Snow*
28     G. Murray Snow
    United States District Judge